to the Fifth Circuit Court of Appeals. We have four cases to be submitted today on oral argument. We'll begin with United States v. Bowens. Mr. Ebal. I hope I pronounced it right, but you can correct me if I didn't. You did, Your Honor. Yes, it's Ebal. Thank you, Your Honor. May it please the Court, my name is Nelson Ebal. I represent the appellant, Nathaniel Bowens. In this case, initially I want to address the dispute about whether Rosemont v. U.S. applies. It does. One of the arguments the government makes in this case is that Rosemont did not change the essential elements of aiding and abetting, at least with regard to 924C. It did. It requires a court to find that there's advanced knowledge of the aider and abetter that the principal is going to be using a firearm. In addition, the government argues that Rosemont did not overrule this court's rule that the government is not required to identify a specific person as the principal offender. Mr. Bowens, he agrees with that statement, but that's not what this case is about. That's not relevant to the issues that Mr. Bowens has presented in this case. In this case, Mr. Bowens is arguing that he cannot aid and abet himself. There's plenty of evidence in this case to identify who the principal violator is, by the way, under 924C. Bowens is in a 28-J letter that was filed earlier this week. The government cited two decisions which they say support its position in this case, United States v. Scott and United States v. Martinez. Again, these cases simply just are not germane to the issues in this case. As explained by the U.S. Supreme Court in Rosemont, the aider and abetter has to have advanced knowledge that his confederate is going to be using or carrying a gun. We don't have that in this instance. Because Bowens cannot be liable or responsible for aiding and abetting himself, count 4 should be vacated. In addition, this court improperly sentenced Bowens to a 25-year minimum sentence under count 6. The sentence under count 6 should be vacated with a mandate for resentencing. Bowens does acknowledge that United States v. Buck forecloses his claim that houseback robbery is not a predicate for an offense under 924C. Bowens simply wants to preserve this issue for further review if he decides to do so. The facts in this case become quite clear when you look at the videos of the store surveillance. This may concern no one but me, but there was a jury instruction in the case about aiding and abetting, wasn't there? Yes, Your Honor. And the defendant did not object to that jury instruction? That's correct, Your Honor. The defendant, yes, Your Honor, the defendant did not object to that jury instruction. And the jury instruction just said was committed by some person as part of the jury instruction? And on the aiding and abetting jury instruction? Right, right, but read in conjunction with Rosemond v. United States. It would have to be some other person besides. So Rosemond clarifies that the jury instruction means it has to be some other person? Although that's not what the instruction says? Yes, Your Honor. All right. In this case, Adrian Ramirez, he gave some inconsistent testimony as to who carried the gun, but as this court has held in the past, if there's uncontroverted documentary evidence that can resolve any uncredible testimony, and then plus there is the U.S. Supreme Court's opinion in Scott v. Harris, which supports the conclusion that video is much more persuasive than conflicting testimony at the trial. That's an interesting proposition. Your Honors, there's also, it's important to note that at the trial, Keon Blanks gave testimony that was entirely supported by the video, and in some it shows that Mr. Bones, he was the only one that was carrying a gun, and as this court has held a number of times, one cannot aid and abet himself. Unless the court has any further questions, that's the conclusion of my opening. All right, then you've saved time for rebuttal. Yes, Your Honor. All right, thank you, Mr. Ewell. Ms. Falconer? Good evening. May it please the Court? Emily Falconer of the United States. I think it's important to look at this case here from a bird's eye view. The argument that Mr. Bones is advancing is that he cannot be liable for aiding and abetting a 924C violation because he himself was holding the gun. That he actually did the worst conduct, so cannot be liable for the arguably less comfortable conduct. But of course, the modern law of aiding and abetting liability is that everyone who purposefully participates in a criminal venture and seeks by action to make it successful is a principal to the crime. There's no distinction between principals and accomplices under Section 2. Are you relying on our opinion in Branch for that? Is that one of the cases that you... Yes, Your Honor. The Branch case is one of many where this court has held that the government is not required to prove who was a principal actor and who was an accomplice. Branch was a case that arose from the Branch Davidian standoff in Waco and you have a charge about killing a federal agent in the line of duty. You have four people shooting from behind some kind of a wall and federal agents ended up dead. It wasn't clear who actually fired the shots that ultimately killed those agents. So ultimately what the government did was just to charge them all with killing a federal agent under an aiding and abetting theory. So the position that Mr. Bowens is advancing here would greatly limit the ability to prosecute a crime when it's not exactly clear who did what and that's not infrequent. And this court has said that we don't need to get into who did what when. Now he talks a lot about the Supreme Court's decision in Roseman, but Roseman does not say, this is on page 74 of that opinion, that it is not relevant who did which part of a crime in an aiding and abetting liability. Roseman is strictly about the state of mind required for aiding and abetting a complex crime like a 924C. So in Roseman, the situation that you had was a question about whether the defendant knew, he knew there was going to be a drug deal that was happening. There was a question about whether he knew that a confederate was going to pull out a gun and use that in the course of a crime. And so the question before the Supreme Court in Roseman was, did he have to only know about the drug deal or did he have to also have advanced knowledge that a gun was going to be used to be liable under 924C? Now here, we don't have any situation like that. We know from the surveillance video that these two guys walked into the T-Mobile store. One of them had a clearly visible weapon. It's important to note that the other had something underneath his hoodie. One of them has a gun out in the open. The other one has something under the hoodie that looks like it could be a weapon. It could be a finger pointed as a weapon. We don't know. That's that ambiguity. One of the ambiguities in the record about who was actually holding the gun in the course of the 924C. But of course, that's not important here under Branch. Under Roseman itself, there's a lot of language in Roseman that reinforces that modern law of accomplice liability, which is that there's just no difference. So one other important point from Roseman is that the Supreme Court in that case said that not only does the government not have to prove who is a principal and who is an accomplice with respect to a 924C, but that the government actually isn't required to prove any act with respect to a 924C. In a 924C prosecution, this is what Roseman holds, the defendant only has to have done some act related to one of the crimes, either the predicate, here the robbery, or the 924C. But he has to have the relevant state of mind as to both. That's what Roseman is about. So again, we didn't have to prove who did what, and that should be the deciding factor in this case. The elements, I would just note, are not outdated. Roseman did not add any kind of new requirement to the elements of 924C, aiding and abetting liability, which have been established since 1949. This court has recently reaffirmed multiple times, we said that as in the Martinez and Scott cases, even since briefing concluded in this case. So there's just really no reason that Roseman should change the analysis here. We would just note, again, we agree with Mr. Bowens that his argument about whether or not 924C is a crime, I mean, whether Hobbs Act robbery is a crime of violence, we agree that's foreclosed by Buck. The court doesn't need to reach that in any substantive way. That's been reaffirmed recently by this court in Davis, that that's very well set up now. So the court has no questions. We would just ask the court to affirm the conviction as well. Was the question on advance knowledge taken up in the charge conference at all? We don't know. The charge conference, I don't believe, was on the record. There were a few changes made to the jury charge that the court just briefly discussed right before reading the charge, and no one objected to those. Was there a request for jury instruction that's asking as to the advance knowledge? Suggesting that? As to advance knowledge? I don't know that there was a specific, that advance knowledge was specifically discussed in the charge. I don't think that was, that wasn't contested here. I mean, clearly both parties had advance knowledge. They walked into the store. I mean, someone had a gun out in the open, so there was no question. Was the issue of advance knowledge ever brought up to the district court? No, Your Honor. No, Your Honor. Nothing related to Rosemond ever came up at the trial court whatsoever. There's no, it's not contested now, and it wasn't contested then that everyone knew what was going to happen when they walked into that store. The only question was identity at trial and now. Who did what? Who had the gun? Who provided the gun? That was a big issue at trial. Whether it was the co-conspirator, whether it was Mr. Bowens. And the defendant agreed to this jury instruction on aiding and abetting? As far as I know, yes. There was no objection to the jury instruction as it was read. All right. Thank you, Ms. Falconer. Thank you. Mr. Ebal, you've saved time for rebuttal. Your Honors.  My question back and forth on is whether 18 U.S.C. Section 2 punishes everybody as a principal or whether just participating in the crime makes you a principal? A first-degree error indictment comes down, it's got a Section 2 routine. A first-degree error criminal indictment that comes down has got a Section 2 addendum to it. The government always includes that, of course. I've never heard it challenged before. Well, it's just that in this case, the charge was only on aiding and abetting rather than on principal liability. And because it was narrowed in that fact, it could not have been found principally liable under the charge as written. Well, conceptually, that's flawed from the jumpstart. Maybe you're arguing that inadequate notice in the indictment of charge conduct? I'm trying to understand what the legal basis for this argument is. Is it a due process warrant of notice in the indictment? Or is it some conceptual flaw? If you're aiding and abetting, you're guilty of the principal. You are a principal aiding and abetting. They're just different ways of becoming a principal. I guess I'm having difficulty understanding the argument. In this case, Mr. Bowen's argument is that although in the indictment it did allege two theories, principal liability and aiding and abetting liability, the charge narrowed it. And because the charge narrowed it, the insufficiency of the evidence reviewed is limited to the aiding and abetting theory. So, in this case, Mr. Bowen's, he clearly is the principal. When you look at the video, when you hear the evidence, when you hear the testimony of Keon Blanks, he clearly is the principal. And as this court has held several times, and also other appellate courts have held, one cannot aid and abet himself. Mr. Bowen agrees that the aiding and abetting liability statute says that an aider and abetter is punishable as a principal. There's no doubt about that. But... If I'm a principal and I'm charged as an aider and abetter, I don't think, I have a hard time saying I'm harmed by that. It seems to me I'm better off being charged with it. If there's a difference, I don't think there is. But I just have a difficulty with the argument. I'm sorry. Thank you. The problem in that scenario is that, amongst other reasons, it didn't... It was a confusing instruction, the way it was written. The... It didn't give Mr. Bowen the opportunity to properly prepare a defense if he was being charged with principal liability. Because under the jury instruction, he only needed to prepare to defend himself against aiding and abetting liability. Unless the panel has any further questions, that concludes my rebuttal. Thank you, Mr. Ebaugh. Your case is under submission. We noticed that your court appointed...